IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT GOUVEIA, an individual, and CATHLEEN GOUVEIA, an individual,

Plaintiffs,

v.

UNITED PARCEL SERVICE, INC.; ETLT, INC. dba UPS STORE #6809; AMAZON.COM SERVICES LLC, and DOES 1-20, inclusive

Defendants.

Case No. 6:26-cv-01590-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiffs, Robert and Cathleen Gouveia, lost their wedding rings when shipping them from Oregon to California through Defendant, United Parcel Service, Inc. ("UPS"). UPS delivered the package to Defendant, Amazon.com Services LLC ("Amazon"), in Fife, Washington. The parties disagree, however, about how and why the misdelivery and ultimate loss occurred.

Before this Court are Plaintiffs' Motion to Remand, ECF No. 5, Defendant UPS's Motion to Dismiss, ECF No. 7, and Defendant Amazon's Motion to Dismiss, ECF No. 6.

**BACKGROUND**

This action arises from an interstate shipping dispute beginning in Oregon, meant for California, but ending in Washington. Plaintiff Cathleen Gouveia left her diamond ring wedding

set with UPS. Notice Remov. Ex. 1, at 8, ECF No. 1-1. Plaintiffs instructed the store manager to ship the rings to her jeweler in California to be resized. *Id.* at 9. For unexplained reasons, an Amazon return label was placed on the package. Cathleen Gouveia Decl. ¶ 11, ECF No. 10. The parties disagree over who affixed the shipping label to the parcel. Notice Remov. Ex. 1, at 162. Ultimately, Amazon signed for and received the package at its Fife, Washington, warehouse. Cathleen Gouveia Decl. ¶ 27.

After learning that their package had not been delivered to their jeweler, Plaintiffs called the UPS store. *Id.* ¶ 30. The store manager informed Plaintiffs that their package had arrived at the Amazon facility in Fife, Washington. *Id.* ¶ 31. After the call, Plaintiffs opened an internal claim with UPS for the lost package. *Id.* ¶ 32. Plaintiffs also contacted Amazon, requesting that the company search for the rings at its Washington facility. *Id.* ¶ 30.

Amazon subsequently conducted several internal searches for the package but could not locate the rings. Pls.' Mot. Ex. 7, at 3, ECF No. 5-7. Plaintiffs commenced action in Oregon State Court. Notice Remov. Ex. 1. The case comes to this Court through Defendants' removal action under 28 U.S.C. § 1441(a).

## I. Plaintiffs' Motion to Remand

### STANDARD

A defendant may remove a civil action from state court to federal court if the action could have been originally filed in federal court. 28 U.S.C. § 1441(a). Because the removal statute is strictly construed *against* removal jurisdiction, the defendant bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Hunter v. Philip Morris*

*USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Any doubts about a defendant's right to remove mandate rejection of federal jurisdiction. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). If the district court discovers it lacks subject-matter jurisdiction at any time before final judgment, the case must be remanded. 28 U.S.C. § 1447(c).

When removal depends on federal question jurisdiction (as here), the well-pleaded complaint rule normally limits the court's inquiry to the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987). Federal defenses, including defensive preemption, do not independently confer federal question jurisdiction. *Id.* Complete preemption, however, is an exception. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); *see Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 946–61 (9th Cir. 2014) (discussing differences between preemption doctrines). Complete preemption applies when a federal statute so thoroughly occupies a field that any claim within its purview is necessarily federal in nature. *Beneficial Nat'l Bank*, 539 U.S. at 8. A state-law claim within that scope arises under federal law and is removable—regardless of how the plaintiff labels it. *Id.*

The Ninth Circuit holds that the Carmack Amendment, 49 U.S.C. § 14706, completely preempts state-law claims against interstate carriers for delay, loss, delivery failure, or damage to shipped property when the amount in controversy for each receipt or bill of lading exceeds $10,000. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687–89 (9th Cir. 2007); 28 U.S.C. §§ 1337(a), 1445(b). If complete preemption applies to one claim, federal courts may summarily exercise supplemental jurisdiction over related state-law claims forming part of the same case or controversy. 28 U.S.C. § 1367(a); *Hall*, 476 F.3d at 689.

## DISCUSSION

Because the Carmack Amendment completely preempts Plaintiffs' state-law claims, their Motion to Remand is denied.

### A. The claim against UPS arises under federal law.

Under the Carmack Amendment, a motor carrier that delivers and receives property is liable for the actual loss or injury to the property being transported interstate. 49 U.S.C. § 14706. UPS is a motor carrier who transported Plaintiffs' property from Oregon to Washington and the property was lost. Notice Remov. Ex. 1-1, at 5. Plaintiffs' shipment, which originated in Oregon for delivery in either Washington or its intended destination of California, was interstate in nature. *Id.* at 12.

Congress intended for the Carmack Amendment to supersede all state law carrier liability claims. *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913). The amendment sought to uniformly apply carrier liability throughout the country. *Id.* at 506. To ensure this uniformity, courts have almost universally held that the amendment preempts state-law claims. *See, e.g., id.* (Carmack covers "the subject of the liability of the carrier under a bill of lading. . .so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it."); *Ga., Fla. & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 197 (1916) ("the question as to the proper construction of the bill of lading is a Federal question."); *W.D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 421 (6th Cir. 1972) ("As to the issue . . . [of] whether or not the Carmack Amendment preempted common law suits . . . we hold that it did"); *Air Prods. & Chems., Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 485 (5th Cir. 1983) (". . .the Carmack Amendment, as judicially interpreted, provides an exclusive

remedy for breach of contract of carriage provided by a bill of lading. . ."); *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997) (plaintiff's breach of contract claims were "clearly preempted" by the Carmack Amendment); *Hall*, 476 F.3d at 688 ("The Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property.").

Plaintiffs' state-law claims fall within this displaced body of law. Given the breadth of complete preemption, it is impossible to find that state-law claims for damages resulting from loss of property somehow escape a statute designed to encompass exactly that.

Plaintiffs' state-law claims are completely preempted by the Carmack Amendment and satisfy the minimum amount in controversy required for federal court jurisdiction. 28 U.S.C. § 1337(a) ($10,000 minimum).[1]

**B. Claims against Defendants UPS Store #6809 and Amazon[2] are subject to supplemental jurisdiction.**

Attempting to escape the scope of the Carmack Amendment, Plaintiffs divide their claims into pre-shipment and post-transit phases. Even if this Court were to accept this characterization, it retains supplemental jurisdiction over claims that are part of the same case or controversy as the underlying interstate commerce claim. 28 U.S.C. § 1367(a). All of Plaintiffs' allegations stem from

[1] *See* Pls.' Mot. Ex. 1, at 7, ECF No. 5-1. (Jeweler's appraisal for the rings which are valued at $15,950.00). Whether or not UPS issued a bill of lading or receipt attesting to the dollar value does not affect their liability as a carrier. § 14706. Plaintiffs' appraisal satisfies the statutory threshold.

[2] As will be discussed, because this Court finds that it does not have personal jurisdiction over Defendant Amazon, it need not reach supplemental jurisdiction over the claims against Amazon. However, if personal jurisdiction existed, because Plaintiffs' state-law claims against Amazon arise out of the same common nucleus of operative facts as the completely preempted federal claim, exercising supplemental jurisdiction would be proper. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966) (codified by 28 U.S.C. § 1367)).

the same controversy: the shipment and eventual loss of their property. The Carmack Amendment explicitly covers property lost during shipment, and misdelivery is treated as non-delivery or loss. 49 U.S.C. § 14706; *Ga., Fla. & Ala. Ry. Co.*, 241 U.S. 190; *Adams Express Co.*, 226 U.S. 491. Plaintiffs fail to assert any unique damages or operative facts against each Defendant. They allege only the loss of their property and fail to identify any facts or questions of law that distinguish between the Defendants.

The entire controversy involves the same set of facts. These claims should not, as Plaintiff suggests, be divided into separate phases based on their place in the same chain of events. Supplemental jurisdiction aims to reduce the burden on courts, witnesses, and attorneys and to limit the risk of inconsistent results arising from the same controversy. Separating each claim into separate cases would result in materially identical cases with no apparent benefit other than allowing Plaintiffs' Motion to Remand.

Because Plaintiffs' claims present a federal question under the doctrine of complete preemption, this Court has subject matter jurisdiction. Removal is proper under § 1441. This Court also retains and exercises supplemental jurisdiction over any claims or defendants outside the scope of the Carmack Amendment.

## II. UPS's Motion to Dismiss for Failure to State a Claim

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations

allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id*.

When considering a motion to dismiss, the court must accept all material factual allegations as true and construe them in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Plaintiffs here are self-represented, and, as such, dismissal of their claim is analyzed under a liberally construed standard. The Ninth Circuit extends forbearance to non-attorney parties representing themselves, like Plaintiffs here, when assessing whether a claim exists. Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

**DISCUSSION**

Defendant UPS moves to dismiss Plaintiffs' claims, arguing that Plaintiffs fail to state a claim upon which relief may be granted. Def. UPS's Mot. 2. Defendant further avers that Plaintiffs' claim is completely preempted by 49 U.S.C. § 14706. *Id.* The Court agrees.

The United States Supreme Court ruled that the Carmack Amendment covers "the subject of the liability of the carrier under a bill of lading. . .so completely that there can be no rational doubt, but that Congress intended to take possession of the subject and supersede all state regulation with reference to it." *Adams Express Co.*, 226 U.S. at 505–06. Accordingly, "[i]t is well-settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." *Hall*, 476 F.3d at 687. The Ninth Circuit has held that "general negligence" claims are also barred, even when they are not fully covered by the Carmack Amendment. *White v. Mayflower Transit, LLC*, 543 F.3d 581, 584–85 (9th Cir. 2008) (citing *Hall*, 476 F.3d at 689).

As discussed in Plaintiffs' Motion to Remand, Plaintiffs' claims arise from an interstate shipping dispute among Plaintiffs, UPS, and Amazon. Notice Remov. Ex. 1 at 16–29. Plaintiffs assert only state-law claims, including negligence, breach of bailment, and bad faith— all of which are displaced by the Carmack Amendment.

Even construing Plaintiffs' pleadings as liberally as possible, as required by *Hebbe*, no change Plaintiffs could make would remedy the defects inherent in a complaint alleging only state-law claims. Because this field of law is completely preempted, as discussed above, Plaintiffs' only path forward is federal. They cannot fashion a viable federal claim from state-law pleadings—no

matter how they reassemble them. Plaintiffs may, however, replead Carmack Amendment claims, as they requested in their earlier filing. Pls.' Mot. for Leave 28, ECF No. 25. Consistent with *Lucas*, Plaintiffs are given 30 days to file an amended complaint, limited to Carmack grounds, against Defendants. 66 F.3d at 248; Pls.' Mot. for Leave 28.

In the current complaint, Plaintiffs have failed to state a claim upon which relief may be granted. Plaintiffs' state-law claims are dismissed with prejudice.

## III. Defendant Amazon's Motion to Dismiss for Lack of Personal Jurisdiction

### STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of proving that jurisdiction is proper. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the motion rests on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Id.* Further, the Court looks only to the plaintiffs' pleadings and affidavits to determine whether such a showing is made. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995).

There is no federal statute governing personal jurisdiction, so this Court applies Oregon's long-arm statute, ORCP 4. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). ORCP 4 is "co-extensive with constitutional standards." *Fatani v. JP Morgan Chase Bank, N.A.*, 743 F. Supp. 3d 1253, 1266 (D. Or. 2024) (citing *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990)). Here, because the statutory and constitutional inquiries merge, this Court need only determine whether exercising personal jurisdiction over Amazon would violate federal constitutional due process. *Boschetto*, 539 F.3d at 1015.

Federal constitutional due process requires that maintenance of the suit not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A court should consider the "quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." *Id.* at 319.

**DISCUSSION**

There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general and specific. *Boschetto*, 539 F.3d at 1016. A court has general jurisdiction over a defendant corporation when it is "essentially at home." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). A corporation is found to be at home in its place of incorporation and its principal place of business. *Id.* at 137. If, as here, the court lacks general personal jurisdiction over a defendant, it may still exercise specific personal jurisdiction if the defendant has established minimum contacts within the forum state, the case arose out of those contacts, and the exercise of jurisdiction is reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–76 (1985).

When determining whether the exercise of specific personal jurisdiction is appropriate, the Ninth Circuit applies a three-part test:

> 1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum state or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> 2) The claim must be one which arises out of or relates to the defendant's forum related activities; and

3) The exercise of jurisdiction must comport with fair play and substantial justice.

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). The plaintiffs bear the burden of satisfying the first two prongs, and if they do, the burden shifts to the defendant to show that exercising jurisdiction under the third element would be unreasonable. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068–69 (9th Cir. 2017).

**A. Plaintiffs' claims do not arise out of or relate to the Defendant's activities in Oregon.**

The first prong of the *Lake* test depends on the existence of a defendant's relevant conduct in the forum state. Because Plaintiffs fail to allege *any* germane conduct in Oregon, this Court need not determine whether the extent or quality of Defendant's conduct constitutes purposeful availment or direction.

Plaintiffs cannot prove that their claims against Amazon "arise out of or relate to the defendant's forum-related activities." *Schwarzenegger*, 374 F.3d at 802. For a claim to arise out of the defendant's activities, a "connection between the forum and the specific claims at issue" is required. *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 265 (2017).

Plaintiffs argue that the conversion claims relate to Amazon's conduct in Oregon. Pls.' Resp. 19, ECF No. 9. However, as Defendant correctly notes, all alleged conduct occurred in Washington. Def. Amazon's Mot. 7. Plaintiffs acknowledge that Amazon bore no responsibility for the package *until* it arrived at its fulfillment center in Fife, Washington. Pls.' Mot. 6. None of Amazon's business conducted in Oregon is relevant to the conversion claim, which is based exclusively on alleged conduct in Washington. Plaintiffs' out-of-state harm does not confer personal jurisdiction over Amazon in Plaintiffs' home state.

In *Walden v. Fiore*, the Supreme Court held that a Nevada court could not exercise personal jurisdiction over an out-of-state defendant for an unlawful search conducted in Georgia. 571 U.S. 277, 291 (2014). The Court explained that although the plaintiffs lived in Nevada, the "relevant conduct occurred entirely in Georgia," and the "mere fact that this conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.*

Here, as in *Walden*, the conduct relevant to Plaintiffs' conversion claim occurred entirely outside the forum state. Plaintiffs rely on Amazon's unintentional receipt of their package from Oregon, its return services operated through Oregon, and its communication with Plaintiffs residing in Oregon as conduct sufficient to exercise jurisdiction over the out-of-state defendant. Pls.' Resp. 19. These alleged connections do not establish the requisite nexus between Oregon and the conversion claim.

Plaintiffs fail to establish that their claims against Amazon arise out of or are related to Amazon's conduct within Oregon.

**B. This Court need not weigh the impact of fair play and substantial justice.**

Because Plaintiffs failed to meet their burden of proving the first two prongs of the Ninth Circuit test, this Court need not address whether Defendant has proved the third prong of unreasonableness. Accordingly, Defendant Amazon's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 6, is granted.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand, ECF No. 5, is DENIED; Defendant UPS's Motion to Dismiss, ECF No. 7, is GRANTED; and Defendant Amazon's Motion

to Dismiss, ECF No. 6, is GRANTED. Plaintiffs are given 30 days from the date of this order to file an amended complaint, limited to the Carmack Amendment, against the remaining Defendants.

IT IS SO ORDERED.

DATED this 3rd day of November 2026.

s/Michael J. McShane
Michael J. McShane
United States District Judge